IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Maria Zdanys, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09 C 4966 |
| Encore Receivable Management, Inc., a Kansas corporation, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Maria Zdanys, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Maria Zdanys ("Zdanys"), is a citizen of the State of Illinois residing in the Northern District of Illinois, from whom Defendant attempted to collect a

1

delinquent consumer debt allegedly owed to Dell Financial Services.

4. Defendant, Encore Receivable Management, Inc. ("Encore"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Encore was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Zdanys.

5. Defendant Encore is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, a copy of which is attached as Exhibit A.

6. Moreover, Defendant Encore is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation, attached as Exhibit B.

**FACTUAL ALLEGATIONS**

7. Defendant Encore sent Ms. Zdanys an initial form collection letter, dated September 10, 2008, demanding payment for a delinquent consumer debt that she allegedly owed to Dell Financial Services for the purchase of a home computer. This letter stated that the "Total Account Balance" was $1, but that the "Minimum Amount Due" was $642. A copy of this letter is attached as Exhibit C.

8. Only 15 days later, via a letter dated September 25, 2008, Defendant Encore sent Ms. Zdanys yet another collection letter on this debt, which stated that the "Total Account Balance" was $1,642, and that the "Minimum Amount Due" was $141. A copy of this letter is attached as Exhibit D.

9. From before the date of Encore's first letter, to date, Ms. Zdanys made neither a purchase, nor a payment, and, thus, there was no factual or legal basis for the wild swings in the "Total Account Balance" and the "Minimum Amount Due", as set forth in Encore's two collection letters to Ms. Zdanys.

10. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation of § 1692g(a)(1) –**
**Failure To State Adequately The Amount Of The Debt**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692g(a)(1) of the FDCPA requires that the debt collector, within 5 days of its first communication to a consumer, provide the consumer with a statement of the amount of the debt it is seeking to collect. Here, Defendant Encore violated § 1692(a)(1) of the FDCPA because, although its initial collection letter (Exhibit C), stated a "Total Account Balance" and a "Minimum Amount Due", the amount stated could not be correct – the minimum amount due can not exceed the amount of the debt. Thus, Defendant's letter failed to inform Plaintiff adequately of the amount of the debt, in violation of § 1692g(a)(1) of the FDCPA. See, Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C., 214 F.3d. 872 (7th Cir. 2000); Veach v. Sheeks, 316 F.3d 690, 693-694 (7th Cir. 2003); and Pickard v. Stephen J. Lerch and David M.

Wright, 2005 WL 1259629 (S.D.Ind.).

14. Defendant's violation of § 1692g(a)(1) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation of § 1692e –
### False Statement Of The Amount Of The Debt

15. Plaintiff adopts and realleges ¶¶ 1-11.

16. Section 1692e of the FDCPA prohibits Defendant from using any false, deceptive or misleading representation or means in connection with the collection of any debt, see 15 U.S.C. § 1692e. Defendant violated § 1692e's prohibition by stating two different amounts for the "Total Account Balance", and two different amounts for the "Minimum Amount Due" in its two letters. The amounts stated could not be true and thus were false – the minimum amount due can not exceed the amount of the debt. Moreover, the falsity of the first letter (Exhibit C), was confirmed by the amounts stated in the second letter (Exhibit D) -- sent only 15 days later. Moreover, stating such wildly different amounts is inherently deceptive or misleading to anyone, let alone the unsophisticated consumer. See, Veach v. Sheeks, 316 F.3d 690, 693-694 (7th Cir. 2003); and Pickard v. Lerch, 2005 WL 1259629 (S.D. Ind. 2005).

17. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

18. Plaintiff, Maria Zdanys, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant

4

attempted to collect a delinquent consumer debt allegedly owed to Dell Financial Services, via the same form collection letters Defendant Encore sent Plaintiff (Exhibits C and D), in which the two form letters were sent within 30 days of each other and the "Total Account Balance" set forth in the first letter was less than the "Minimum Amount Due" set forth in that letter, from one year before the date of this Complaint to the present. This action seeks a declaration that Defendant Encore's form letters violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

19. Defendant regularly engages in debt collection, using the same form collection letters it sent Plaintiff Zdanys, in its attempts to collect delinquent consumer debts from other persons.

20. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form collection letters it sent Plaintiff Zdanys.

21. Plaintiff Zdanys' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests

of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant Encore has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

23. Plaintiff Zdanys will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant Encore's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Zdanys has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Maria Zdanys, individually and on behalf of all others similarly situated prays that this Court:

1. Certify a Class in this matter and appoint Plaintiff Zdanys as the representative of the Class and her attorneys as Counsel to the Class;

2. Find that Defendant's collection actions violated the FDCPA;

3. Enter judgment in favor of Plaintiff Zdanys and the Class, and against Defendant Encore, for statutory damages, costs, and reasonable attorneys' fees, as provided by § 1692k(a) of the FDCPA; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Maria Zdanys, individually and on behalf of all others similarly situated, demands trial by jury.

Maria Zdanys, individually and on behalf of all others similarly situated

By: <u>/s/ David J. Philipps</u>
One of Plaintiff's Attorneys

Dated: August 13, 2009

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com